LEE D. MILLER, Plaintiff and Appellant, *v.* COMPAÑÍA RON CARIOCA DESTILERÍA, INC., Defendant and Appellee.

No. 10132. Argued May 3, 1950.—Decided July 6, 1950.

*Otero Suro & Otero Suro* for appellant. *José López Baralt* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The plaintiff had certain equipment in the city of San Juan to prepare extracts and essences, and in February, 1943 the defendant seized said equipment and transferred it to its distillery in Palo Seco. Within a year after the seizure, plaintiff brought an action against the defendant in the Municipal Tribunal of San Juan and another in the District Tribunal; the former, to recover possession of a miniature still; the latter, claiming the delivery of the remainder of the equipment. He also filed another suit against the defendant, civil case No. R-1303 of the District Tribunal of San Juan, claiming $50,000, his estimate of the damages suffered as a result of the illegal seizure. After the action in the municipal court was appealed to the district court, the two replevin actions were consolidated and by stipulation of the parties approved by the court, it was agreed to submit the three cases to an arbitrator, provided that the award be fol-

lowed by the court in rendering judgment which would forthwith become final and unappealable. The arbitrator, based on the merits of the evidence, granted an award in favor of the plaintiff in the three cases and stated that the damages in Civil case R-1303 amounted to $7,400, and on August 26, 1947, pursuant to the award, the court rendered judgment which was paid in full.

In spite of the fact that the differences between plaintiff and defendant had apparently been amicably settled since August 26, 1947, the plaintiff, on April 27, 1948, filed the present Civil suit No. 8599 of the District Tribunal of San Juan, which he entitled "Collection of Money," claiming $11,500 which he alleges is the value of the use of the equipment by the defendant, at the rate of $200 monthly.

The defendant filed a motion for summary judgment and attached certain documents thereto. The court *a quo* granted this motion and on July 22, 1949 entered judgment dismissing the complaint with costs on the plaintiff.

The motion for summary judgment rests on the following grounds, among others: that by virtue of the judgment entered and satisfied in action R-1303 plaintiff's present claim had been paid; that the judgment in suit R-1303 constitutes res judicata with regard to the present action; and that assuming that the complaint in case R-1303 had joined no claim for the use of the equipment, the plaintiff could and should have presented said claim in his complaint and having failed to do so, he is now barred therefrom, for the plaintiff could not split his original cause of action for damages.

We shall compare the claim made in the complaint in suit R-1303 with the complaint in the present Civil case No. 8599. The fourth paragraph of the complaint in case R-1303 alleged:

"4. That defendant's action has caused certain damages to the plaintiff, including loss of profits, mental anguish and suf-

fering and loss of credit, which the defendant reasonably estimates in the sum of $50,000, which sum the defendant has not paid him."

And paragraph 2 of the complaint in the present Civil case No. 8599 alleges:

"2. That the aforesaid property was retained by the defendant in his possession, using it for his own and exclusive benefit from the beginning of February, 1943 until August 22, 1947, on which date, pursuant to a judgment of this Hon. Court holding that it belonged to the plaintiff, the defendant paid the latter for it without said payment including, because it had not been included in the aforesaid judgment nor in any of the judgments rendered at that time in other actions between the parties, the reasonable value of the use of said property by the defendant during the aforesaid time."

We agree with the plaintiff that the item now claimed was not joined in suit R-1303. The defendant could have seized the equipment and thereby cause plaintiff damages which included, as alleged in case R-1303, loss of profits; but if besides seizing the equipment, the defendant used it for his own and exclusive benefit, as alleged herein, the latter would be bound to pay plaintiff for the use thereof. But this circumstance does not exclude the case from the scope of the doctrine of res judicata invoked by the defendant. The two claims, the one contained in suit R-1303 and that presented in civil case 8599, arose out of the same transaction and the plaintiff could have included the new item in his complaint in case R-1303. It is well settled, as part of the doctrine of res judicata, that a litigant cannot split his cause of action. The purpose of this doctrine is to end litigation and this purpose would not be accomplished if a litigant, who is able to join a certain claim in his complaint, fails to do so and thereafter files a new suit based on the item which he was able to, but did not, include in the former suit. That is why the doctrine of res judicata is applied, not only to items or claims actually litigated, but also to those which although susceptible

of litigation in the previous suit, were not alleged then. As we said in *Avellanet* v. *Porto Rican Express Co.*, 64 P.R.R. 660, 667:

"One of the most important facets of the law of *res judicata* is that a litigant can not split his cause of action. If a plaintiff has a claim, he must present all of it, not part of it, in the suit he files. When he fails to do so, he cannot be permitted thereafter to file a new suit for the remainder of the same claim or cause of action. We recently restated this rule in *People* v. *Lugo, ante,* p. 529, decided February 13, 1945, where we pointed out that a cause of action is merged in the judgment rendered thereon, and that such a judgment is conclusive—provided the same parties and the same cause of action are involved—as to all matters which might have been, but were not, actually litigated and determined."

The case at bar, as we have seen, involved the same parties and the claim arose out of the same transaction which motivated suit R-1303.

The judgment will be affirmed.

Mr. Justice Snyder did not participate herein.